**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Lankford,<br><br>          Plaintiff,<br><br>v.<br><br>Joseph Taylor, et al.,<br><br>          Defendants. | No. CV-17-02797-PHX-DWL<br><br>**ORDER** |

       This is a prisoner civil rights action brought by Plaintiff Kirk Lankford ("Plaintiff"). Following summary judgment, the remaining claims to be tried are (1) Plaintiff's § 1983 claim in Count Three against Assistant Warden Benjamin Griego ("Griego"), in which Plaintiff alleges that Griego violated his First Amendment rights by ordering other prison officials to search Plaintiff's prison cell, and then confiscate certain property found within the cell, in retaliation for Plantiff's filing of a lawsuit against the State of Hawaii and certain Hawaii officials, and (2) Plaintiff's state-law conversion claim in Count Nine against Griego, several other prison officials, and CoreCivic (together, "Defendants"), also stemming from the confiscation of Plaintiff's property following the cell search.  (Docs. 58, 64.)

       Now pending before the Court are five motions in limine ("MILs"), which were filed in June 2020.  (Docs. 87-91.)  Although the Court's usual practice is to hear oral argument on MILs during the final pretrial conference, that conference has been repeatedly postponed at the parties' joint request due to the COVID-19 pandemic.  (Docs. 96, 105.)

Accordingly, rather than allow the MILs to remain pending indefinitely, the Court will rule on them in advance of the upcoming trial-setting conference. (Doc. 105.) If the parties so desire, they may further address the Court's rulings during that conference.

I.  Plaintiff's MIL No. 1

Plaintiff moves under Rules 401, 403, and 609 to exclude evidence concerning the nature of his underlying conviction (second-degree murder) and the length of his sentence (150 years). (Doc. 87.) Plaintiff acknowledges that the fact of his conviction is admissible for impeachment purposes under Rule 609 but argues that any additional details concerning his conviction and sentence are irrelevant and unfairly prejudicial. (*Id.*) Plaintiff also agrees to stipulate that he has been convicted of a felony. (*Id.*)

Defendants oppose Plaintiff's motion. (Doc. 103.) Defendants contend that a party seeking to admit a criminal conviction for impeachment purposes under Rule 609 is entitled to introduce not only the fact of conviction but also "its general nature." (*Id.* at 1-2.) Defendants further contend that a conviction for second-degree murder doesn't "carry the same stigma" as other types of convictions, such as sex offenses. (*Id.* at 2.) Finally, Defendants argue that the length of Plaintiff's sentence is relevant because it "goes directly to his incentive to tell the truth—because Plaintiff will spend the rest of his life in prison regardless of what happens at trial, he has nothing to lose by perjuring himself. Defendants, on the other hand, will be exposed to significant civil and/or criminal penalties if they commit perjury." (*Id.* at 3.)

Plaintiff's motion will be denied. In *United States v. Osazuwa*, 564 F.3d 1169 (9th Cir. 2009), the Ninth Circuit addressed "the scope of inquiry into prior convictions" under Rule 609. *Id.* at 1175-77. On the one hand, the court held that "the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility." *Id.* at 1175 (alteration in original) (internal quotation marks omitted). The court also cited, with approval, a Fifth Circuit decision suggesting that "the nature of the crime[]" is a permissible area of inquiry. *Id.* (citation omitted). On the other hand, the court held that it is impermissible to delve into "collateral details and circumstances

- 2 -

attendant upon the conviction" because "unfair prejudice and confusion . . . could result from eliciting details of the prior crime." *Id.* (internal quotation marks omitted). Applying those standards, the court reversed Osazuwa's conviction for assault of a prison guard because the prosecution had gone too far when impeaching Osazuwa with evidence of his prior conviction for bank fraud, by asking him questions about the "specific dishonest acts" upon which the earlier conviction was based. *Id.* at 1176.

Here, Defendants do not intend to delve into the details underlying Plaintiff's conviction for second-degree murder. Instead, they merely wish to identify the nature of the conviction. Under *Osazuwa*, this is "fair game" for purposes of Rule 609. *Id.* at 1175.

Defendants also will be allowed to introduce evidence concerning the length of Plaintiff's sentence. *Osazuwa* holds that a defendant's exposure to "punishment of felony range" is another permissible area of inquiry. Although this nomenclature is somewhat ambiguous, other courts have construed it as authorizing mention of the length of the underlying sentence. *See, e.g., United States v. Snow*, 2020 WL 4814348, *1-2 (D. Ariz. 2020) (construing *Osazuwa* as allowing the introduction of evidence concerning "the prior conviction, its nature, and the term of imprisonment" but precluding the introduction of "collateral details of [the] conviction"). Indeed, in *Osazuwa* itself, the government questioned the defendant about the length of his bank fraud sentence and the Ninth Circuit did not suggest that question was improper. 564 F.3d at 1176 ("Defendant was asked how much time he had spent in prison for bank fraud . . . ."). This is also the rule in other Circuits. *See, e.g., United States v. Estrada*, 430 F.3d 606, 616 (2d Cir. 2005) ("The overwhelming weight of authority . . . suggests that . . . inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by [Rule 609], subject to balancing under Rule 403."); *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996) ("The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment.") (internal quotation marks omitted); *United States v. Barnes*, 622 F.2d 107, 109 (5th Cir. 1980) ("[W]e do not find any error in the

prosecutor's eliciting from Barnes the length of his confinement."); *United States v. Miller*, 478 F.2d 768, 770 n.4 (4th Cir. 1973) ("[T]he more reasonable practice . . . is [to permit inquiry into] . . . the name of the crime, the time and place of conviction, and the punishment.") (alterations in original) (internal quotation marks omitted).

Finally, the Court is not persuaded that Rule 403 requires the exclusion of relevant evidence concerning the nature of Plaintiff's conviction and the length of Plaintiff's sentence. Credibility will be key in this case and Defendants should be allowed to introduce relevant evidence bearing on Plaintiff's credibility.

II. Defendants' MIL No. 1

Defendants move under Rules 401 and 403 "to exclude at trial any evidence or argument regarding, or reference to, claims and defendants that were previously dismissed in this matter." (Doc. 88 at 1.) Defendants clarify that "[t]his is not to say that Plaintiff cannot mention the dismissed defendants' names, or question them as to their personal knowledge of the remaining claims, but only that Plaintiff should not be permitted to present evidence or argument regarding the claims that were previously brought against them, or the fact that they were former[l]y defendants in this action." (*Id.* at 3.)

Plaintiff opposes the motion. (Doc. 99.) As an initial matter, Plaintiff contends that "[i]t is difficult to discern precisely what Defendants are asking the Court to do," in that the motion simultaneously asks the Court to preclude reference to other individuals who were formerly defendants and acknowledges that such individuals will act as witnesses at trial. (*Id.* at 1.) On the merits, Plaintiff contends that some of the information covered by the motion is "unquestionably relevant" because it goes to the motive and knowledge of the former defendants. (*Id.* at 2.) Plaintiff also contends that the fact he sued (albeit unsuccessfully) some of the individuals who will be witnesses at trial is relevant to show those witnesses' potential bias against him. (*Id.* at 2-3.)

Defendants' motion will be denied because it is overbroad. The Court cannot say, as a categorical matter, that *all* evidence pertaining to the now-dismissed counts and defendants will be irrelevant at trial. "[M]otions *in limine* should rarely seek to exclude

broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, *1 (C.D. Cal. 2010).

III.   Defendants' MIL No. 2

During the summary judgment process, Plaintiff asserted that two non-party CoreCivic employees (Birdsong and Jackson) were present during the challenged search and made statements to Plaintiff that suggested the search was improper. Defendants now move to preclude Plaintiff from offering evidence of these alleged statements at trial, arguing that (1) to the extent Plaintiff wishes to testify about the alleged statements, such testimony would constitute impermissible hearsay because the statements "were not made by party-opponents, and do not fall within any enumerated hearsay exception," and (2) Plaintiff also should be precluded from introducing the statements because he failed to timely disclose them, in violation of Rules 26 and 37. (Doc. 89 at 1-2 & n.2.) Separately, Defendants move to preclude or limit testimony from two of Plaintiff's fellow inmates (Rabellizsa and Phanpradith), arguing that the former (who was Plaintiff's cellmate) should only be allowed to testify about matters based on his personal knowledge and the latter lacks any personal knowledge. (*Id.* at 3-4.)

Plaintiff opposes the motion. (Doc. 100.) As for Birdsong and Jackson, Plaintiff argues their statements are not hearsay under Rule 801(d)(2)(D) because they were employees of a party opponent, CoreCivic, and the statements concerned matters within the scope of their employment. (*Id.* at 1-3.) Plaintiff also contends that "the statements [of Birdsong and Jackson] were adequately disclosed by Mr. Lankford such that any perceived 'late' disclosure is harmless, and a motion *in limine* is not an appropriate vehicle for disclosure sanctions." (*Id.* at 3 n.3.) As for Rabellizsa and Phanpradith, Plaintiff contends they *were* able to witness the challenged search, and thus have personal knowledge, and in any event "to the extent that Defendants have a hearsay or foundation objection—and it is doubtful that trial counsel would be so obtuse as to ask what [Plaintiff] told them—that objection can be made and sustained at trial outside the jury's hearing." (*Id.* at 3.)

Defendants' arguments largely lack merit. CoreCivic remains a defendant in this action and all parties seem to agree that Birdsong and Jackson were CoreCivic employees at the time they made the statements at issue. Thus, Defendants' assertion that "[t]hese statements were not made by party-opponents" (Doc. 89 at 2) is incorrect. "Under Federal Rule of Evidence 801(d)(2)(D), a statement is not hearsay and may be admitted against an opposing party if the statement was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." *Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 999 (9th Cir. 2019) (internal quotation marks omitted). As for Rabellizsa and Phanpradith, it is unclear to the Court what, exactly, these witnesses are expected to say at trial. Given that uncertainty, it would be premature to make any blanket rulings as to whether an adequate foundation exists for these witnesses to testify. This is a matter best resolved at trial.

The one remaining matter to be addressed is Defendants' argument that Plaintiff did not timely disclose Birdsong's and Jackson's alleged statements during the discovery process. Because this issue is only addressed in a cursory manner in a footnote in Defendants' motion, the Court lacks enough information to properly address it. Additionally, as discussed *infra*, the Court will allow the parties to submit supplemental briefing concerning a different request for discovery sanctions made by Defendants. Accordingly, Defendants may address the disclosure issues related to the Birdsong and Jackson statements in that briefing.

IV. <u>Defendants' MIL No. 3</u>

According to Defendants, most of the evidentiary materials that Plaintiff submitted during the summary judgment process were "devoted to matters that are completely unrelated to the remaining claims and Defendants at issue in this lawsuit." (Doc. 90 at 1.) Thus, Defendants move "to exclude evidence or argument regarding, or reference to, unrelated alleged constitutional violations, retaliation, and other incidents." (*Id.*) Defendants also contend that, to the extent Plaintiff seeks to introduce these other matters under Rule 404(b) as evidence of "Defendants' propensity to retaliate and cover up their

wrongful conduct," the request fails because Plaintiff's evidence of the other incidents is vague and outdated (or undated) and the introduction of the other incidents would be prejudicial. (*Id.* at 2-3.)

Plaintiff opposes Defendants' motion. (Doc. 101.) First, Plaintiff contends the motion is overbroad because it merely cross-references a 357-page document and states that "the bulk" of the evidence discussed in that document should be excluded, without identifying with particularity the matters to be excluded. (*Id.* at 2.) Plaintiff also notes that Defendants' insistence on filing such an overbroad motion is "puzzling" because "Plaintiff has given no indication that he intends to re-assert claims that were dismissed at the summary judgment phase and . . . this Court has appointed experienced *pro bono* counsel who surely understands which claims remain at issue." (*Id.* at 2 n.1.) Second, Plaintiff contends that at least some of the matters mentioned in the cross-referenced document are relevant—for example, Defendants admit they have overwritten the video footage of the challenged search. (*Id.* at 2-3.)

This motion, like Defendants' MIL No. 1, is overbroad and will be denied for that reason. *Colton Crane,* 2010 WL 2035800 at *1. Indeed, Defendants' proposed order asks the Court to order "that evidence or argument regarding, or reference to, unrelated alleged constitutional violations, retaliation, and other incidents, *including but not limited to* those discussed in [certain paragraphs of] Plaintiff's Statement of Facts in Support of Response to Defendants' Motion for Summary Judgment . . . are excluded at trial." (Doc. 90-1 at 1, emphasis added.) The Court is unwilling to issue such an open-ended order, which would leave the parties guessing as to which evidence remains in play.

V. Defendants' MIL No. 4

In their final MIL, Defendants move "to exclude all witnesses Plaintiff failed to disclose during discovery." (Doc. 91 at 1.) Defendants contend they served an interrogatory on Plaintiff in October 2018 that required him to identify all witnesses he intended to call at trial, as well as a summary of each witness's anticipated testimony, and Plaintiff responded by disclosing himself, the "named Defendants," and several other

inmates but otherwise refusing to identify his witnesses. (*Id.* at 1-2.) Defendants also contend that Plaintiff subsequently refused to supplement this response. (*Id.* at 2.) Defendants argue that exclusion of the undisclosed witnesses is therefore required under Rule 37. (*Id.* at 2-3.)

Plaintiff opposes Defendants' motion. (Doc. 102.) First, Plaintiff argues the motion is procedurally improper because Defendants' counsel did not attempt to confer with Plaintiff's counsel before filing it, in violation of LRCiv 7.2(j). (*Id.* at 1-2.) Second, Plaintiff argues that Defendants are not entitled to relief on the merits because the interrogatory in question was propounded after the discovery deadline, he (despite being *pro se* at the time) lodged an objection to it, and Defendants never moved to compel. (*Id.* at 2-3.) Third, Plaintiff argues alternatively that, because this was a prisoner *pro se* case throughout the discovery period, Rule 26(a)(1)(B)(iv) was applicable and he was only required to make his witness disclosures 30 days before trial (which deadline hasn't expired yet). (*Id.* at 3.) Finally, Plaintiff argues that, "[a]t a bare minimum," the Court should allow the parties to address Defendants' request for discovery sanctions through "full briefing," not the MIL process. (*Id.*)

This is another instance where the Court would benefit from additional briefing—the page limits applicable to MILs forced the parties to address the issues in somewhat abbreviated fashion and the arguments raised in Plaintiff's response have some force and require a reply. Additionally, the Court's hope is that, because Plaintiff is now represented by appointed counsel, the meet-and-confer process will be more fruitful than it was during earlier stages of the case. Accordingly, Defendants' motion will be denied without prejudice to their ability to file, if necessary, a motion for discovery sanctions.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's MIL No. 1 (Doc. 87) is **denied**.

(2) Defendants' MIL No. 1 (Doc. 88) is **denied**.

(3) Defendants' MIL No. 2 (Doc. 89) is **denied**.

(4) Defendants' MIL No. 3 (Doc. 90) is **denied**.

1  (5) Defendants' MIL No. 4 (Doc. 91) is **denied**.

2  (6) The parties are ordered to meet and confer with respect to the discovery issues raised in Defendants' MIL Nos. 2 and 4.  If the parties are unable to resolve those issues after sincere consultation, Defendants may file a motion for discovery sanctions. Any such motion must be filed by **November 30, 2020**.  Plaintiff's response must be filed by **December 14, 2020**.  Any reply must be filed by **December 21, 2020**.

Dated this 2nd day of November, 2020.

_____
Dominic W. Lanza
United States District Judge