**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Lankford,<br><br>     Plaintiff,<br><br>v.<br><br>Joseph Taylor, et al.,<br><br>     Defendants. | No. CV-17-02797-PHX-DWL<br><br>**ORDER** |

The law firm of Dickinson Wright PLLC (the "Firm") requests that the Court permit the Firm to file under seal its *ex parte* Declaration of Counsel explaining the bases permitting withdrawal as counsel of record for Plaintiff Kirk Lankford. (Doc. 131.) That request is granted.

As for the merits of the withdrawal request, the bases provided in the declaration are fairly sparse. The Court notes that, at this juncture, it is too late to appoint new *pro bono* counsel. The Final Pretrial Conference is set for January 31, 2022. It is unlikely that replacement *pro bono* counsel could be found—and that replacement counsel could be prepared for the Final Pretrial Conference—by this date. Indeed, the history of this case demonstrates that the appointment of *pro bono* counsel causes lengthy delay. On March 5, 2020, the Court granted Plaintiff's motion for court assistance and noted that it would appoint *pro bono* counsel once a volunteer attorney was located. (Doc. 78.) It took two months to locate and appoint the Firm. (Doc. 79.) The original date of the Final Pretrial Conference (April 6, 2020) had to be vacated to allow time for counsel to be appointed and

to get up to speed.  (Doc. 78.)  After the Firm made its notice of appearance on May 6, 2020, the Court reset the Final Pretrial Conference for August 10, 2020.  (Doc. 81.)  In other words, locating counsel and allowing time for counsel to prepare delayed the case by four months.[1]  Locating replacement counsel and allowing time for replacement counsel to prepare would cause another lengthy delay.  This case has been pending for over four years, and further delay would threaten the speedy administration of justice and the Court's management of its docket.  The order setting the Final Pretrial Conference issued on January 13, 2020—nearly two years ago.

Thus, if the Firm is permitted to withdraw, new *pro bono* counsel will not be appointed, and Plaintiff will be required to represent himself at trial.  That outcome avoids further delay.  Although the Court initially appointed counsel because it evaluated "plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved" and determined that "exceptional circumstances" existed for the appointment of counsel (Doc. 79 at 1-2 [quoting *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)]), the circumstances have now changed.  If, as the declaration suggests, Plaintiff simply prefers to litigate without the assistance of the Firm, that is his choice to make.  But Plaintiff is not entitled to the serial appointment of new counsel under the circumstances.

With that said, although the declaration suggests that Plaintiff wants the Firm to withdraw its representation, it does not explicitly say so.

If Plaintiff does not want the Firm to withdraw, the Court harbors doubt as to whether the declaration establishes the kind of circumstances that would permit withdrawal at this juncture.  Ninth Circuit law suggests a "justifiable cause" standard applies when the client doesn't affirmatively consent to a withdrawal request.  *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941) ("An attorney may not, in the absence of the client's consent, withdraw from a case without justifiable cause; and then only after proper notice to his client, and on leave of the court.").  "Justifiable cause" is not a terribly demanding standard,

---

[1]     The COVID-19 pandemic caused further lengthy delays.

and the professional considerations listed in ER 1.16 will often satisfy it, so long as other factors don't outweigh those considerations. *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."); *Bohnert v. Burke*, 2010 WL 5067695, *2 (D. Ariz. 2010) ("Any factors that might support [counsel's] motion to withdraw are outweighed by the Court's responsibility to manage its own case load and ensure [fairness] to all parties. . . . [T]he Court finds that the interests of justice will be best served if [counsel] remains available to assist and try this case as he agreed to do when he entered his notice of appearance in 2009."). Thus, if Plaintiff opposes the withdrawal request by the November 29, 2021 deadline specified via previous order, the Firm is on notice that any reply it files in support of its withdrawal request should address the relevant factors in more detail.

Accordingly,

**IT IS ORDERED** that the Firm's motion to seal (Doc. 131) is **granted**. The Clerk of Court shall file under seal the *ex parte* declaration lodged at Doc. 132.

**IT IS FURTHER ORDERED** that Plaintiff shall, by November 29, 2021, file a response to the motion to withdraw as counsel indicating whether he consents to the withdrawal. If Plaintiff consents or does not file a response, the motion will be granted and Plaintiff will represent himself at trial.

**IT IS FURTHER ORDERED** that the Firm shall ensure that Plaintiff receives a copy of this Order by November 19, 2021 and shall assist Plaintiff if he needs help filing a response.

Dated this 17th day of November, 2021.

Dominic W. Lanza
United States District Judge