**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kirk Lankford, | No. CV-17-02797-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Taylor, et al., | |
| Defendants. | |

Through the District of Arizona's Civil Litigation Attorney Panel, individual attorneys, law firms, and public interest organizations can volunteer to be appointed, on a pro bono basis, to represent self-represented litigants in certain civil actions. *See* D. Ariz. G.O. 19-15. Participants in this program include the law firm of Dickinson Wright PLLC and attorney Scott Claus of Dickinson Wright.

In this prisoner civil rights action, Mr. Claus and several other attorneys from Dickinson Wright (together, "Counsel") agreed to be appointed to represent Plaintiff Kirk Lankford ("Plaintiff"), who had been proceeding *pro se*, after some of Plaintiff's claims survived summary judgment. (Docs. 78, 79, 80.) Alas, various disputes have now arisen between Plaintiff and Counsel, prompting Counsel to move to withdraw. (Doc. 128 [unsealed motion]; Doc. 132 [sealed declaration from Mr. Claus].) Plaintiff, in turn, agrees that the attorney-client relationship has grown "toxic" and further agrees that Counsel should be allowed to withdraw, but only if the Court appoints replacement pro bono counsel to represent him. (Doc. 138 ¶¶ 86, 88 [sealed declaration from Plaintiff].)

Alternatively, Plaintiff states that the Court should remove Mr. Claus from the case while allowing the other Dickinson Wright attorneys to continue representing him (*id.* ¶ 89) or, at a minimum, should require all Counsel to remain on the case as his "standby counsel" (*id.* ¶ 90). In reply, all Counsel reiterate their desire to withdraw and clarify that they oppose both of Plaintiff's alternative proposals. (Doc. 140 [sealed].)

Counsel's withdrawal request is granted. Ninth Circuit law suggests that a "justifiable cause" standard applies when, as here, the client doesn't affirmatively consent to the withdrawal request. *Lovvorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941). Similarly, under Local Rule 83.3(b)(3), when, as here, an attorney seeks "to withdraw as attorney of record after an action has been set for trial," the withdrawal request should not be granted "unless the Court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw." "Justifiable cause" and "good cause" are not terribly demanding standards, and the professional considerations listed in ER 1.16 will often satisfy them, so long as other factors don't outweigh those considerations *Gagan v. Monroe*, 2013 WL 1339935, *4 (D. Ariz. 2013) ("Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.").

Here, it is apparent to the Court, based on the sealed declarations filed by Counsel and Plaintiff, that the attorney-client relationship between Plaintiff and Counsel has deteriorated beyond repair. Not only does Plaintiff characterize the current status of his attorney-client relationship with Counsel as "toxic" (Doc. 138 ¶ 86), but Plaintiff directs a detailed series of criticisms toward Counsel. It is unnecessary for the Court to address the merits of those criticisms (which Counsel have largely not addressed, based on the advice of their ethics counsel) because their mere existence reveals that the relationship of trust and confidence that is essential to the attorney-client relationship has ceased to exist. *United States v. Sutter Health*, 2019 WL 4918257, *2 (C.D. Cal. 2019) ("The Court need

not determine whether Himmelstein's or Jones' version of events is true.  Clearly, there is a breakdown in the attorney-client relationship such that this representation cannot continue."). In the Court's view, this breakdown, alone, qualifies as "other good cause for withdrawal" within the meaning of Arizona ER 1.16(b)(7). *Cf. Union Pacific R.R. Co. v. Golden Gate Petroleum Co.*, 2021 WL 1217945, *2 (N.D. Cal. 2021) ("The breakdown of the attorney-client relationship . . . [is] good cause for DLA Piper's withdrawal.").

Separately, withdrawal is appropriate when "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." *See* Ariz. ER 1.16(b)(4).  Here, a large number of Plaintiff's criticisms stem from Counsel's fundamental disagreement with various arguments Plaintiff wanted them to make (and other litigation steps Plaintiff wanted them to pursue) following their appointment.  It is simply unrealistic to expect Counsel to continue representing Plaintiff against this backdrop.

These conclusions also foreclose Plaintiff's alternative requests (*i.e.,* that only Mr. Claus be allowed to withdraw or that Counsel be required to continue representing him, but in a stand-by capacity while Plaintiff himself takes the lead).  The record establishes that none of the attorneys representing Plaintiff can ethically continue their representation of Plaintiff in this matter, in any capacity.  (Doc. 140 at 7-15.)

Finally, although it is unfortunate that Counsel's withdrawal means that Plaintiff will again be responsible for representing himself, and although the Court fully recognizes the difficulties that Plaintiff will face when trying to prove his claims before a jury as a *pro se* litigant, the Court declines, in its discretion, to return to the Civil Litigation Attorney Panel and search for another volunteer firm that might be willing to join this case. *See* D. Ariz. G.O. 19-15 (attached plan, noting that "[t]he Court *may* appoint an attorney to represent a SRL [self-represented litigant]" and that the plan applies "where the Court determines, *in its discretion*, that appointment of counsel is appropriate pursuant to 28 U.S.C. § 1915") (emphases added).  This case is already over four years old—it was filed in August 2017—and the current trial date (March 1, 2022) is only a few months away.

Thus, even if it were possible to locate and appoint new counsel at this juncture, such steps would inject many months of additional delay into a case that is long overdue to be tried. As the Court noted in its November 17, 2021 order:

> [T]he history of this case demonstrates that the appointment of pro bono counsel causes lengthy delay. On March 5, 2020, the Court granted Plaintiff's motion for court assistance and noted that it would appoint pro bono counsel once a volunteer attorney was located. It took two months to locate and appoint the Firm. The original date of the Final Pretrial Conference (April 6, 2020) had to be vacated to allow time for counsel to be appointed and to get up to speed. After the Firm made its notice of appearance on May 6, 2020, the Court reset the Final Pretrial Conference for August 10, 2020. In other words, locating counsel and allowing time for counsel to prepare delayed the case by four months. Locating replacement counsel and allowing time for replacement counsel to prepare would cause another lengthy delay. This case has been pending for over four years, and further delay would threaten the speedy administration of justice and the Court's management of its docket. The order setting the Final Pretrial Conference issued on January 13, 2020—nearly two years ago. Thus, if the Firm is permitted to withdraw, new pro bono counsel will not be appointed, and Plaintiff will be required to represent himself at trial. That outcome avoids further delay.

(Doc. 133 at 1-2.)

Accordingly,

**IT IS ORDERED** that Counsel's motion to seal (Doc. 139) is **granted**. The Clerk shall file under seal Counsel's reply in support of the motion to withdraw (Doc. 140).

**IT IS FURTHER ORDERED** that Counsel's motion to withdraw (Doc. 128) is **granted**. Counsel are no longer counsel of record in this action.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference (January 31, 2022) and trial (March 1, 2022) will occur as previously scheduled. Defense counsel shall arrange for Plaintiff's telephonic appearance at the Final Pretrial Conference.

Dated this 13th day of December, 2021.

Dominic W. Lanza
United States District Judge